TERESSA LARRABEE v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 29, 1925.

No. 24,656.

**Contributory negligence for jury.**
    Evidence considered and *held* to make a question for the jury as to whether plaintiff was guilty of contributory negligence.

    1.   See Street Railways, 36 Cyc. p. 1628.

Action in the district court for Hennepin county for personal injuries. The case was tried before Bardwell, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Reversed.

*Leonard, Street & Deinard,* for appellant.

*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

QUINN, J.
Dupont Avenue North, in the city of Minneapolis, extends north and south. Twelfth Avenue North crosses Dupont at right angles.

[1]Reported in 203 N. W. 961.

Seventh Street North is paved and is 50 feet between curbs, with double street car tracks of the defendant in the center. This street extends from the northwest to the southeast across the intersection mentioned. It is about 600 feet from this intersection northwest to where the car line crosses Plymouth avenue. There is a down grade in the tracks from Plymouth to the intersection. There was a bright arc lamp burning at or over the intersection. It had been raining during the evening and it was dark. The witness, Mrs. Davis, lived on the east side of Dupont a short distance north of the intersection.

The plaintiff had been visiting Mrs. Davis during the evening of September 17, 1923. She was a woman 54 years of age, but walked rapidly. She left the Davis home a short time before 10 o'clock in the evening. Mrs. Davis walked with her to the intersection where they stopped to wait for a car from the northwest, which plaintiff intended to take on her homeward journey. The women stood at the corner for a few minutes when Mrs. Davis remarked: "There comes your car." The car was then at the Plymouth crossing. Plaintiff immediately started south to cross the tracks ahead of the car so as to get on board when it arrived. It was 22 feet across the tracks in the course which plaintiff was going. When the plaintiff approached the first track she put up her hand and signaled the car to stop. She saw the headlight, but could not see the outlines of the car because of the darkness. She continued to walk rapidly, but did not again look back toward the approaching car. As she stepped over the last rail of the second track with her right foot, the car struck her left foot, causing the injury complained of. She testified that the car, in her opinion, was about a half block away when she signaled it to stop. The record indicates every effort on the part of the plaintiff to tell the truth and not to color or exaggerate in any way.

At the close of plaintiff's testimony, the trial court directed a verdict in favor of the defendant upon the ground that it conclusively appeared from the evidence that plaintiff was guilty of contributory negligence. From an order denying her motion for a new trial, plaintiff appealed.

The car was coming down grade at a rapid rate. It did not slack its speed. The arc light may have interfered with plaintiff's ability to measure the distance the approaching car was from her, or as to the speed the car was moving. The collision may have been the result of a mistaken idea as to the location of the car, or as to its speed, rather than an act of negligence on the part of plaintiff. It was her duty to exercise all of her faculties to observe and to avoid danger, but, if the danger was not so obvious that a person should have seen it, in the exercise of ordinary care, then failure to discover it would not be negligence. When she signaled the car to stop, she had but about 22 feet to go to clear the tracks. She thought the car at that time about two street car poles distant, or nearly half a block away. Men of experience in crossing tracks might easily differ as to whether, under such circumstances, it was negligent to attempt to cross the tracks ahead of the car. The question of contributory negligence was for the jury. Reversed.